## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELLEY L. BAUCOM and : | |
| JOSEPH BAUCOM, h/w : | CIVIL ACTION |
|    Plaintiffs, : | |
| : | |
| v. : | NO.   24-1818 |
| : | |
| SAMIRA M. TORRES VIDAL : | |
|    Defendant. : | |

### MEMORANDUM

**MURPHY, J.**                                                                                              December 12, 2024

This is a case about a car crash, but this motion is about when a state-court defendant's 30-day clock to remove to federal court starts to run. The Baucoms sued Samira Torres Vidal in the Court of Common Pleas in Philadelphia, stating, as is common to avoid mandatory arbitration, that the damages were over $50,000. Some time after the statutory 30-day removal clock ran, the Baucoms made it known that they were seeking more like $350,000 — more than enough to satisfy diversity jurisdiction. Ms. Torres Vidal promptly removed, and the Baucoms moved to remand, saying that the removal was too late. The question is whether the original complaint put Ms. Torres Vidal on notice that the amount in controversy exceeded $75,000. The answer is straightforward. Under the Third Circuit's bright-line test, we must hold the Baucoms to their original words. Thus, Ms. Torres Vidal was not on notice that the amount in controversy exceeded $75,000 until the Baucoms made their $350,000 demand. And that means removal was timely, and we deny the Baucoms' motion to remand.

I.      **FACTS AND PROCEDURAL HISTORY**

According to the complaint, on February 7, 2022 in Philadelphia, Ms. Baucom "was violently struck from behind" while driving her motor vehicle by Ms. Torres Vidal. DI 4-2 ¶ 4.[1] Ms. Baucom avers to have "suffered severe aches, pains, mental anxiety, anguish, and severe shock through their nerves and nervous system." *Id.* ¶ 11. On February 5, 2024, Ms. Baucom and her husband, Joseph Baucom, citizens of Pennsylvania, filed a complaint in the Court of Common Pleas of Philadelphia County against Ms. Torres Vidal, a citizen of New Jersey, seeking damages for injuries and losses sustained by Ms. Baucom and Mr. Baucom's loss of consortium. *Id.* ¶¶ 1-2, 9-21. Consistent with Pennsylvania Rule of Civil Procedure 1021(c), the complaint demands damages in excess of $50,000. DI 4-2 at 8; Pa. R. Civ. P. 1021(c) (requiring plaintiffs to "state whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule"); 42 Pa. C.S. § 7361 (requiring arbitration referral unless the amount in controversy exceeds $50,000); *see also Berry v. Wal-Mart Stores, E., L.P.*, 583 F. Supp. 3d 671, 673 n.1 (E.D. Pa. 2022). The complaint was served on Ms. Torres Vidal on February 10, 2024. DI 1 ¶ 4; DI 4-3. Ms. Torres Vidal's counsel entered an appearance with the state court on February 21, 2024. DI 4-4.

On April 22, 2024, the Baucoms filed their Case Management Conference Memorandum (CMCM) with the Court of Common Pleas in which they asserted a demand for $350,000. DI 1-8 at 2. Eight days later, on April 30, 2024, Ms. Torres Vidal filed a notice of removal to federal court on the basis that the Baucoms' April 22 CMCM was the first time she knew that the

---

[1] We adopt the pagination supplied by the CM/ECF docketing system.

2

amount in controversy exceeded $75,000.  DI 1 ¶¶ 22-23.  In response, the Baucoms filed this motion to remand arguing that removal is improper.  DI 4.

## II.  PLAINTIFFS' MOTION TO REMAND

In their motion to remand, the Baucoms argue that removal is improper because "even a basic review of the Complaint clearly indicates that the Defendant should have reasonably and intelligently concluded that the amount in controversy exceeds $75,000."  DI 4 ¶ 8.  The Baucoms assert that the February 10, 2024 service of the complaint triggered the thirty-day removal clock of 28 U.S.C. § 1446(b)(1).  DI 4-1 at 2, 4.  Therefore, Ms. Torres Vidal's notice of removal was untimely because she filed it on April 20, 2024, eighty days after service of the compliant. And, the Baucoms reason, because untimely notice of removal constitutes a defect in the removal process, the case should be remanded to state court.  DI 4 ¶¶ 11, 13-14.  The Baucoms rely upon the subjective inquiry approach adopted by *Carroll v. United Airlines, Inc.*, 7 F. Supp 2d 516 (D.N.J 1998) and cite to its application by district courts within the Third Circuit. DI 4-1 at 5-11.  The Baucoms argue that district courts in this Circuit have found the same or similar language as that in their complaint sufficient to trigger § 1446(b)(1)'s thirty-day removal clock.  *Id.*

In opposition, Ms. Torres Vidal argues that removal was timely because the "vague, boilerplate allegations of the Compliant were insufficient to trigger Section 1446(b)(1)'s thirty-day removal clock."  DI 5 ¶ 2.  Rather, she was not put on notice until April 22, 2024, when the Baucoms filed the CMCM — triggering § 1446(b)(3)'s thirty-day removal clock.  DI 5 ¶ 2.  Ms. Torres Vidal argues that, following the Third Circuit's decision in *McLaren v. UPS Store Inc.*, 32 F.4th 232 (3d Cir. 2022), the "bright line approach" — not the subjective inquiry approach — controls district courts' inquiries into whether removal was timely.  DI 5 ¶¶ 8, 11-12.  In support,

3

Ms. Torres Vidal points to district court decisions within the Third Circuit interpreting *McLaren* when confronted with motions to remand. DI 5 at 8-16. She contends that "boilerplate language," like that found in the Baucoms' complaint, is insufficient to trigger § 1446(b)(1). *Id.*

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction exists where the amount in controversy exceeds $75,000, and the parties are of diverse citizenship. 28 U.S.C. § 1332(a). Set forth in § 1446(b), "[t]wo thirty-day clocks limit the time within which a defendant may remove a case." *McLaren*, 32 F.4th at 236 (citing 28 U.S.C. § 1446).

Generally, the defendant must file notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the initial pleading [does] not give defendant notice of removability," the defendant shall file notice of removal within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *McLaren*, 32 F.4th at 236 (citing *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208-09 (3d Cir. 2014)); 28 U.S.C. § 1446(b)(3). The removing party bears the burden of showing that removal is proper. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).

A plaintiff may challenge removal by moving to remand the matter back to state court based on procedural defects in the defendant's removal process. 28 U.S.C. § 1447(c); *Dirauf v. Burger*, 57 F.4th 101, 105 (3d Cir. 2022) ("Remands under § 1447(c) and (d) are predicated on a

lack of subject matter jurisdiction or a *defect in the removal procedure*.") (emphasis added).  It is well established in the Third Circuit that untimely notice of removal constitutes a defect in removal procedure.  *See Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003); *McLaren*, 32 F.4th at 236 (noting that "if [1446(b)(1) or (3)] is triggered, removal after thirty days is prohibited").  "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

## IV.   DISCUSSION

The parties agree that the requirements for diversity of citizenship jurisdiction are met and that the amount in controversy exceeds $75,000.  DI 1 ¶¶ 1-2, 23-24; DI 4-1 at 1-2; DI 4 ¶ 8.  The question before us is whether Ms. Torres Vidal's notice of removal was timely filed under § 1446(b).  The answer depends on whether the thirty-day removal clock was triggered on February 21, 2024 with service of the complaint under § 1446(b)(1) or on April 22, 2024 with the filing of the Baucoms' CMCM under § 1446(b)(3).

Until 2022, district courts within the Third Circuit applied one of two methods when determining whether removal was timely: the subjective inquiry or the bright line approach.  *See Miller v. Whole Foods Mkt, Inc.*, No. 22-2495, 2022 WL 16950265, at *3 (E.D. Pa. Nov. 15, 2022) (citing *Riconda v. U.S. Foods, Inc.*, No. 19-1111, 2019 WL 1974831, at *5-6 (D.N.J. May 2, 2019)).  Under the subjective inquiry approach, the threshold consideration was "whether, although the complaint does not quantify damages, the defendant 'can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum.'"  *Riconda*, 2019 WL 1974831, at *12 (quoting *Carroll v. United*

*Airlines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998)).  Therefore, the "burden of proof [was] on [the] defendant to assess and ascertain the amount in controversy within the 30-day time limit for removal provided in Section 1446(b)."  *Carroll*, 7 F. Supp. 2d at 521 (quoting *Marler v. Amoco Oil Co., Inc.*, 798 F. Supp. 656, 659 (E.D.N.C. 1992)).

In contrast, under the bright-line approach, "the relevant test is not what the defendants purportedly knew [with respect to the amount in controversy], but what [the pleadings or other documents] said."  *Riconda*, 2019 WL 1974831, at *5 (quoting *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993), *overruled on other grounds*, *Sikrica v. Nationwide Ins. Co.*, 416 F.3d 214 (3d Cir. 2005)).  Therefore, the thirty-day clock for removal is triggered only when the "defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present."  *Judon v. Travelers Prop. & Cas. Co. of Am.*, 773 F.3d 495, 509 n.13 (3d Cir. 2014).  In other words, "if a [c]omplaint does not plead specific damages, and does not otherwise make clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000."  *Miller,* 2022 WL 16950265, at *3 (quoting *Riconda*, 2019 WL 1974831, at *6).

In *McLaren*, the Third Circuit rejected the subjective inquiry approach and adopted the bright line approach.  *McLaren*, 32 F.4th at 239-41.  To "save[] courts from 'arduous inquiries into defendants' state of mind'" called for under the subjective inquiry approach, the Third Circuit determined that the bright line approach better aligns with "the text of § 1446(b)," which "shows that the only documents that trigger either thirty-day clock are those documents 'recei[ved] by the defendant'"  *Id*. at 238 (quoting *Foster*, 986 F.2d at 53; 28 U.S.C. § 1446(b)(1), (3)).  We agree with Torres Vidal, and other district courts within the Third Circuit,

6

that the bright line approach is the proper way to determine when the removal period begins to run under § 1446(b).  *See e.g.*, *Miller*, 2022 WL 16950265, at *3; *Tarakciyan v. Supercenter-Secaucus*, No. 23-cv-01179, 2023 WL 5807374, at *4 (D.N.J. Aug. 17, 2023); *Foreacre v. Wal-Mart Stores, Inc.*, No 22-4231, 2023 WL 349787, at *2 (E.D. Pa. Jan. 20, 2023) (collecting cases interpreting *McLaren* as mandating the use of the bright line approach under § 1446(b)).

      Here, the Baucoms' complaint did not put Ms. Torres Vidal on notice that this case was removable.  We are not persuaded by the Baucoms' argument relying on other district courts in the Third Circuit that found complaints with language similar to the Baucoms' to be sufficient to place a defendant on notice.  DI 4-1 at 5-10.  First, all but one of these cases predate *McLaren*.  *See id.*  Second, the cases either employ the now-rejected subjective inquiry approach or fail to apply the now controlling bright-line approach.  *See id.*  The complaint here averred that Ms. Baucom suffered "severe and permanent injuries to their entire body," medical care costs, possible surgery, and impaired earning capacity.  DI 4-2 ¶¶ 10-17.  With respect to Mr. Baucom's loss of consortium claim, the Baucoms aver that he has and may incur additional expenses for Ms. Baucom's treatment and care in addition to being "deprived of the care, comfort, society, companionship, and assistance of his wife."  *Id.* ¶¶ 18-21.  While it is not necessarily a surprise that the Baucoms are now seeking several hundred thousand dollars, their complaint nowhere alleged any particular amount of damages flowing from their claims.  *See* DI 4-2.

      Like other district courts within this Circuit interpreting *McLaren* when confronted with similar facts — we find the complaint did not put Ms. Torres Vidal on notice that the Baucoms were seeking more than $75,000.  *See Miller*, 2022 WL 16950265, at *3; *Tarakciyan*, 2023 WL 5807374, at *4-5.  Therefore, § 1446(b)(1)'s removal clock was not triggered with service of the

7

complaint on February 10, 2024. Instead, we find that the removal clock under § 1446(b)(3) was triggered on April 22, 2024, when the Baucoms filed their CMCM that included a settlement demand of $350,000. DI 1-8. And agreeing with other courts in this district, we find that the Baucoms' CMCM constitutes "other paper" under § 1446(b)(3). *See e.g., Miller,* 2022 WL 16950265, at *3; *Rosenfield v. Forest City Enters., L.P.*, 300 F. Supp. 3d 674, 678-80 (E.D. Pa. 2018); *Kukla v. Wal-Mart Stores East, L.P.*, Civ. No. 17-4528, 2017 WL 6206261, at *4 (E.D. Pa. Dec. 8, 2017). Therefore, Ms. Torres Vidal's filing of notice of removal on April 30, 2024, eight days after the Baucom's filed their CMCM, is timely under § 1446(b)(3).

## V.     CONCLUSION

For the foregoing reasons, we hold that removal was proper under 28 U.S.C. § 1446(b)(3) and therefore deny the Baucoms' motion to remand (DI 4).